IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT TATUM, and all similarly situated
DOC/CCI Inmates,

                    Plaintiff,              OPINION AND ORDER

  v.

                                                    13-cv-44-wmc

MIKE MEISNER, JIM SCHWOCHERT, CATHY
JESS, JANE NICKELS, RICK PHILLIPS, MARK
TESLIK, CHAP. CAMPBELL, CHAP. DORN,
KELLI WEST, MALONEY, PROG. DIRECTOR
SCHUELLER, PROG. DIRECTOR IRIZAY, UNIT
MANAGER HAUTAMAKI, LT. MORRISSON,
LT. PEACHIE, CAPT. PEIRCE, SRGT. PAUL, SRGT.
BERLUND, JEFF CAPELLE, DR. SULIENE, DAI
DIETICIAN, DR. SCOTT HOFTIEZER, RN KAY
DEGNER, MARY LEISER, JOANNE LANE, JOANNE
BOVEE, RICK SCHNIEIER, CHARLES FACKTOR,
CHARLES COLE, GARY HAMBLIN, 5 UNKNOWN
OFFICERS, and 2 UNKNOWN NURSES,

                    Defendants.

---

Before the court is plaintiff Robert Tatum's motion for reconsideration of this court's September 30, 2013, opinion and order, finding Tatum's complaint in violation of Federal Rule of Civil Procedure 20 and requiring Tatum to choose which of his distinct claims he wishes to pursue as Case No. 13-cv-44. (Dkt. #12.) Tatum argues that the court failed to consider his intention to bring his complaint as a class action pursuant to Federal Rule of Civil Procedure 23 in applying Rule 20. For support, Tatum cites to language in *Bell v. Wolfish*, 441 U.S. 520 (1979), indicating that a class action may pursue numerous challenges to conditions of confinement and practices.

Presumably the plaintiff in *Bell* was allowed to pursue several claims challenging conditions of confinement in a single lawsuit because (1) they arose out of the same series of transactions or occurrences and involving common questions of law or facts pursuant to Fed. R. Civ. P. 206(1)(A)&(B); or (2) the claims were asserted against a single defendant pursuant to Fed. R. Civ. P. 18(a). Regardless, *Bell* predates the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997e. Under the PLRA, this court is required to screen each proposed claim and dismiss any that are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A. The court will not undertake this task until the plaintiff has done the work to narrow his claims to satisfy Rule 20.

Moreover, as described in its earlier opinion, the court was fully aware that Tatum seeks to bring an action on behalf of himself and others similarly situated. There was and is no reason to grant Tatum more leeway simply because he seeks to pursue his claims as a putative class action. On the contrary, for the court to determine whether certification of a class is appropriate, it must engage in a separate, rigorous analysis of the requirements of Rule 23. If anything, this is one more reason to first determine whether Tatum has asserted a claim which has some legal merit. Before the court can screen his complaint, Tatum must select a claim or related claims to pursue in this particular lawsuit that he believes will pass the screening process.

Orginally, Tatum's response to this court's order was due on or before October 21, 2013. Given Tatum's motion for reconsideration, the court will extend that deadline slightly to November 8, 2013.

2

ORDER

IT IS ORDERED that plaintiff Robert L. Tatum's motion for reconsideration (dkt. #12) is DENIED.

Entered this 1st day of November, 2013.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge