United States District Court for the Western District of WI

Takim + Inmate Class, Plaintiffs,

-v-                                                                                                    Case no. 13-cv-44

Meisner, et. al., Defendants

– Motions to Reconsider 11-18-14 Order + to "Stand on the Complaint"
and Appeal Final Order of this Court NON-Voluntarily Dismissing This Action –

NOW COMES Pl. + Inmate Class, seeking Reconsideration of the 11-18-14 Order refusing to allow pl. to proceed on proper claims + refusing to recuse for bias + improper conduct, and not appointing class counsel; Pl. seeks to "stand on their complaint."

– Pl. "Stands On The Original Complaint." -- Pl. seeks to "stand on their complaint", see e.g. Fredico v Home Depot, 507 F3d 188, 192 (3rd Cir. 2007). After numerous reconsideration motions + a request for Spears hearing to address the court's misinterpretation of claims + overlooking the law proving all the Complaint's allegations state claims, the court refuses to adhere to law relative to the claims or to grant Spears hearing. We contend that not only do the Complaint's allegations state claims under relative law, but we have proper joinder under F.R.Cv.P. Rule 18 in that every claim includes liability of Meisner, the main def., + other defendants may be joined under Rule 20 in that there is a question of law + series of facts that proves other def. liability within the claims joined under Rule 18 vs Meisner; Assuch, we believe the 7th Circuit should decide. The court suggests "strongly" that I proceed on the allowed claim + focus on appeal (I'm partially taking "the appeal" advice here), but after this court's actions in this case, I'm highly leery of any advice it gives me -- proof with in itself that its conduct is affecting public perception + its reputation, which affects its administration of justice; This court is operating from a premise either that 1. I don't know the law, so the court can decieve as to what the law is + what states a claim (after several motions it should be clear that's not a workable position/theory), or 2. the court seeks to blatantly disenfranchise + discriminate against a class of litigants, deciding based on status + not the law to prevent vindication of valid Constitutional claims, namely pro se prisoners. (a 3rd premise, that the court is engaged in a conspiracy against rights, violative of 18 USC 241, can be resolved within either of the main 2 premises, + will be discussed relative to another matter, recusal, later this motion), using the PLRA provisions to not ensure the quality of pro se prisoner litigation as PLRA intends, but to liberally "misconstrue" law + claims to dismiss claims that are actually valid -- Making pro se prisoners actually work 2x harder than a trained lawyer, with only half of the experience + even less of the relative resources. And the court's acts being intentional is clear -- This case, the court itself separated my claims into "lawsuit #1, #2, etc.", with #1 being religious rights, but then only allowed procession on the subsidiary Ramadan issue (not denial of diet) to reduce the claim + dismissed relative def. for no reason at all, as claim AND joinder were clearly established; It applied law not relative to claims such as applying "no right to privacy in cell" 4th Amendment law to my 14th Am property claim

①

(understandably "search + seizure" applies, but due process procedural analysis must still be applied; see eg. Steward v McGinnis, 5 F3d 1031, 36 (7th Cir. 1993)) + other rights claims, wherein Meisner suspended inmates Constitutional rights in a lock-down with no emergency to justify it, he just "felt like" a facility search, resulting in pl. damages -- this states a claim; The court stated I never claimed Meisner obstructed my access to the grievance process, but I alleged his subordinates AND Meisner did so by improperly rejecting + refusing to file valid complaints to prevent both exhaustion AND discoverable evidence to prove liability + punitive damages -- this states a claim, as Meisner affirmed "rubber-stamped" his subordinates obstructions; The court said my CD/DVD claim was a "collateral attack" when I never mentioned my state conviction at all + list 6th Am. in the Cause of Action section of the Complaint AND meet access to courts injury requirements in pleading denial of CD/DVD materials prevents utilization of conclusive evidence such as video + audio recordings in cases currently pending that require it esp. considering stigma against in prisoner cases -- this states a claim; The court claims relative to the phone policy claim, that I'm not asserting the state prevented my self-representation, but that's exactly what I'm claiming as I'm disallowed access (without justification under Turner v Safley) to resources necessary to vindicate the right regarding BASIC case necessities that require phone use -- that states a claim, as a right is worthless without means to vindicate it; The court claims my 8th Am. denial of effective rehabilitation claim is "frivolous" (no-merit) ~~or some~~ it because of MY sentence structure, but that doesn't apply to the entire class relative to sentence, + the claim isn't frivolous, as it IS cruel + unusual punishment to disallow a prisoner resources necessary to effectively integrate into society according to its present norms + requirements, almost assuring recidivism + a lifetime of re-(or mental issues, PTSD, etc -- The movie "Shawshank Redemption" touched on this phenomenon, when long-term prisoners released committed suicide due to adaptation difficulties) incarceration" that proper resources + rehabilitation could easily avoid if afforded. Courts are already recognizing that simply "warehousing" prisoners is not effective or working, + considering the nature of our prison culture vs. the 8th Am. + the high rates of recidivism + incarceration (because over-crowding HAS been determined to violate the 8th Am.), and esp. in places like CA solutions are being sought + constitutional questions such as this are being presented in response, to test the limits of the 8th Am. + take a serious look at the data to see if in our present society prison conditions that haven't changed WITH society are indeed "cruel + unusual" + maybe a substantial cause of recidivism + overcrowding, etc.; As such, this case + claim should be tried before a jury. WI has the highest rate of incarceration of African-Amer. in the entire U.S., + I believe more prisons than any other state also; A case review in WI + positive precedent could (+ likely will) become a national model + precedent, and lead to a solution + marked drop in our rate of incarceration, not to include the benefits to the prisons in reduced criminal behavior by affording positive re-integration tools. Also, appeal + "compassionate release" remain available to me despite my sentence + would increase my safety in over-crowding reduction if the claim is brought, giving me standing regardless of sentence. The court said Secor v Braxton "closed the door" on my 14th Am. release acct claim, but it overlooked the obvious flaw to the premise, in that Braxton in the quote relied upon states "pending release from prison" prisons can confiscate property, + this court already stressed my sentence is w/o release, making Braxton inapplicable. Also, this would still be a procedural claim as I never received notice, hearing, etc. fair procedure before or after my property (money) confiscation + WI state court rulings on state law has no weight in Fed court on Fed. rights, + Dickey didn't resolve on cases re: life sentence; The court said I "failed to lay out a coherent theory" on my ex posto facto claim, but 1. I'm not required to lay out a legal theory as a pro se litigant, that's what "liberal construction" PLRA screening + the court's legal experience is for, see O'Grady v Vil. of Libertyville, 304 F3d 719, 723 (7th Cir 2002), 2. theory is obvious in WI-DOC due to my sentence is stealing my money to the tune of $5000 vs $500, increasing my punishment improperly over the old policy,

⊛ Also, ex posto facto clause says frankly "no Ex Posto Facto law shall be passed", preventing the policy's passing + again ~~Braxton~~ doesn't apply to our case facts due to sentence no release

②

The court claims that I failed to establish injury in Meisner's destruction of all legal books in the law library in the access to court claims, but active cases that are affected are listed in the Complaint along with allegations of law library deficiency which affects all inmate's case, + to add its hard to fathom how destruction of all legal books of a law library, effectively negating Bounds v Smith, isn't "injury apparent"; The court states on my mail use·1st Am. claim that since I didn't alleged I was completely barred from sending mail I don't state a claim, but this premise (w/no cited case support) is disputed by several cases + the facts prove I state valid 1st Am. claims; see Procunier v Martinez, 416 US 396 (1974), Benjamin v Frasier, 264 F3d 175, 187-88 (affirming relief against delays in legal communications for which def. provided no justifications) The facts alleged show stamps aren't banned, they're allowed property + were provided pl. after property screening, so arbitrarily writing on + denying use of my stamps on legal mailings causing damages + delays state 1st Am. claims -- Def. offered no Turner rationale for their actions. (The "policy" is arbitrary obstruction of legal mailings, which Meisner supports + allows) Notably, the court assumes an affirmative defense for def. in its assumption that the stamps were "improperly obtained", unsupported by any facts.

The court seeks to assure us it didn't deliberately misconstrue our claims, + blames us for supposedly "creating a convoluted record" by "casting [our] net so wide" -- I don't chuck spears at minnows, I harpoon whales (just like my current E.D. of WI case), so its for me to cast a wide net as long as I play by the Fed rules of joinder, which I have, + this court continuously + I believe purposely refuses to recognize; I just don't + cannot attribute the extreme amount of legal mistakes, DE-struction (not construction) of claims + delays, from an experienced judge, as unintentional, and you did what many judges engaged in such do, which is duck behind Liteky to support the biased or lacksidasical rulings. (Liteky I believe should be amended by a U.S. Supreme Ct ruling clarifying what type or pattern of rulings constitute "deep-seated favoritism or animous", as courts are given a blank check to mischief under Liteky's holding and I would hope that wasn't their intent) The court mentioned that it has one of the highest weighted caseloads per judgeship -- As I stated earlier, WI has the most prisons (on belief) than any other state + prisoner litigation is basically a staple in Fed. courts, so I expect caseloads to be on the high-end relative to it; However, believe what you may, but you author your own demise by cozying up to the state/DOC in rulings instead of applying the law fairly + equitably to prisoners in their suits, because it only further encourages rights violations + suits in response, by fostering DOC staff's perception that what you say doesn't matter + you have no control over what happens here, a perception of absolute authority + no oversight ⓐ¹ -- And absolute authority corrupts WHAT? Absolutely, + that's absolutely why you have so many cases (That perception, in combo w/ §895.46, WI Stat. -- Amendment of this to let staff found guilty of rights violations feel the sting of even 1 law lawsuit to their own pockets would likely reduce your prisoner lit. caseload by half the 1st year of enactment after news of the law spreads; Right now DOC staff are like (staff violate rights willy-nilly in here) gold-diggers ordering lobster + filet on someone else's dime, but take away the unlimited gold-card -§895.46, + I assure you they will be in Walmart's grocery (ie. fewer lawsuits) isle shopping sensibly to protect their pockets.) I know you have a certain perception of what its like in here - and there are good ppl here, in the minority -- but if the public could see by hidden camera what really goes on in here, it would be a scandal. ⓐ²·ⓐ³ (I don't have any previous experience w/justice systems or prison before this so I didn't understand either until I saw it up close. DON'T BELIEVE THE HYPE.)

ⓐ¹ AUD STAFF DEFINITELY THINKS THIS; JUST DAYS AGO A SRGT WHO HAS BEEN IN DOC 18YRS, RUNS THE UNIT + TRAINS NEW STAFF HERE TOLD ME EXACTLY THAT, WHAT YOU SAY DOESN'T MATTER + YOU DON'T CONTROL ANYTHING THAT GOES ON HERE, PERIOD. THIS PERCEPT. IS BASED ON 18YRS OF EXPERIENCE + DIDN'T COME OUT OF THIN AIR IT CAME OUT OF HOW THE CASES ARE COMING DOWN FROM THE COURTS.

—Class Certification + Counsel— I stated all the necessary elements to get class cert. + counsel in the motions I initially filed. I honestly don't believe this court will properly evaluate my arguments if I remake a full argument, so I'll summarize for the 1 allowed Ramadan claim: 5 or more can support a class case regarding numerosity, but 40 or more persons typically satisfies numerosity. see e.g. Stewart v Abraham, 275 F3d 220, 26-27 (3rd Cir 2001) More than 40 inmates in CCI alone participate in Ramadan on belief, so including all similarly situated DOC inmates well over 40 persons' rights are effected by this suit. ("800" are mentioned because any inmate may convert to Islam at anytime, + many non-muslim affiliated inmates participate in Ramadan, so all their rights are affected. The claim stated is common to all Ramadan participants or my particular facts don't supercede the issue of sufficiency of nutrition, + typicality is obvious as all Ramadan participants recieve the same bag meals, + thus claims arise from "the same event or practice". Rule 23 requirements are met, necessitating cert.

—Recusal of Judge— Respectfully, the law requires your recusal; You stand accused by me in case 14-cv-690, W.Dist.of WI, Tatum v Cimpl et al, of participating in a conspiracy against my rights, violative of 18 USC 241, despite your likely immunity under civil liability of 42 USC 1985, 1986, 1983, in which the case was brought, giving you substantial interests in the outcome of this case (on which your rulings are being used as evidence of your participation) as well as that case, + requiring your recusal from both. see eg. Selkridge v Un. Omaha Life Ins, 360 F3d 155, 69-70 (3rd Cir 2004) (judge required to sua sponte recuse in all cases involving attorney who wrote provocative editorial about that judge) That I'm pursuing an action which may reveal evidence to support criminal prosecution against you + that is inextricably linked not only to me but to this very case + your actions relative to it, the potential for bias is too great for you to legally continue as judge in any of my cases, esp. in conjunction with the previous facts used to support recusal; A reasonable person knowing these facts would agree that they "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." Berger v US, 255 US 22, 33-44 (1921), US v Barnes, 909 F2d 1059, 1071 (7th Cir 1990); see also 28 USC § 144, 455 provisions. (I anticipated that the court would rely on the "affidavit requirement" of §144, which is why I included a declaration line swearing to the facts I stated, giving them the legal weight of an affidavit; It was "inartful", but legally acceptable under Haines v Kerner.) I didn't believe the court would fully evaluate it anyway- with fairness, + didn't want to spend resources + postage on materials that wouldn't be utilized, so I do it + my affidavit that way to avoid waste. I take pride in my frugality + as a prisoner its a necessary principle to conserve resources)

WHEREFORE, I, Robert Tatum + Inmate Class request Order GRANTING reconsideration of its 11-18-14 Order, allowing us to "stand on the original complaint" as urged herein; Granting recusal as urged herein; Granting class certification + class counsel as urged herein + previously.

I, Robert Tatum hereby certify that all facts herein are true + accurate to my best knowledge + belief, under penalty of perjury.

Dated this 2nd day of December, 2014.    Signed: [signature]
Robert Tatum
WSPF, PO Box 9900
Boscobel WI 53805-9900

④

WHILE I MEANT THE CONTENTS OF IT, I WANT TO APOLOGIZE FOR THE MANNER + TONE OF MY RECENT LETTER TO THE COURT; IT CAME FROM A MODE OF FRUSTRATION OF BEING UN-HEARD ON SERIOUS ISSUES, DISRESPECTED, + LIED TO BY THE COURT FROM MY PERSPECTIVE. HOWEVER, DECORUM IS A MUST, + I DON'T HAVE A PROBLEM WITH RECOGNIZING MY WRONGS + SEEKING TO MAKE AMENDS, ESP WITH THE BENEFITS OF 20:20 HINDSIGHT ON THE MATTER. I JUST HOPE THAT SENTIMENT IS EQUALED + RETURNED BY YOU.