IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT TATUM,

    Plaintiff,

v.

MIKE MEISNER and CATHY JESS,

    Defendants.

ORDER

13-cv-44-wmc
Appeal No. 14-3679

---

Plaintiff Robert Tatum filed a notice of appeal from this court's November 18, 2014, order (dkt. #37), as well as a motion for leave to proceed *in forma pauperis* on appeal (dkt. #40).[1] Because the November 18 order is not a final order, the court construes Tatum's filings as a request for certification or leave to pursue an interlocutory appeal under 28 U.S.C. §1292(b), which provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

This court's November 18 order involves no apparent controlling question of law on which there is substantial ground for differing opinion, nor does Tatum argue or show

---

[1] Because plaintiff's December 9, 2014, filing could also be construed as a motion for reconsideration, the court also docketed it as such. (Dkt. #36.) If construed as a motion for reconsideration, this would be the *fifth* one filed based on this court's screening of Tatum's complaint. The court denies any further request for reconsideration for the same reasons as explained in the court's prior opinion and orders. (*See* dkt. ##13, 15, 22, 30.)

otherwise. Likewise, a prompt appeal from the screening order in this case will not materially advance the ultimate outcome of this litigation. Indeed, an interlocutory appeal will delay resolution of Tatum's remaining claims. Therefore, the court will deny Tatum's request for leave to take an interlocutory appeal pursuant to § 1292(b).

Even so, Tatum's notice of appeal has triggered a financial obligation. Whether or not his appeal is dismissed, the Seventh Circuit directs that an appellate docketing fee ($505) is due immediately upon the filing of a notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997). Tatum has filed a motion for leave to proceed without prepayment of the appellate docketing fee. In determining whether a litigant is eligible to proceed *in forma pauperis* on appeal, the court must find that he is indigent and, in addition, that the appeal is taken in good faith for purposes of Fed. R. App. P. 24(a)(3). *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the court certifies in writing that it is not taken in good faith.").

Since Tatum is attempting to appeal from an unappealable, non-final order, the court cannot certify that the appeal is taken in good faith for purposes of Fed. R. App. P. 24(a)(3). Accordingly, his request for leave to proceed *in forma pauperis* on appeal must be denied.

Because the court has certified that Tatum's appeal is not taken in good faith, he cannot proceed with his appeal without prepaying the $505 filing fee unless the court of appeals gives him permission to do so. Pursuant to Fed. R. App. P. 24, Tatum has 30 days from the date of this order in which to ask the court of appeals to review this denial

of leave to proceed *in forma pauperis* on appeal. With his motion and a certified copy of a recent six-month trust fund account statement, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), along with a statement of issues he intends to argue on appeal. He must also send include a copy of this order.

Plaintiff Tatum should be aware that he must file these documents in addition to the notice of appeal he has already filed. If Tatum does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed *in forma pauperis*. Instead, it may require him to pay the entire $505 filing fee before it considers his appeal. If he does not pay the fee within the deadline set, it is also possible that the court of appeals will simply dismiss the appeal. Given that he appears to be attempting to appeal from a non-appealable, pre-judgment order, dismissal of his appeal is likely in any event.

## ORDER

IT IS ORDERED that:

1) Plaintiff Robert L. Tatum's motion for reconsideration (dkt. #36) is DENIED.

2) Plaintiff Tatum's requests for leave to take an interlocutory appeal (dkts. ##37 & 40) are DENIED.

3) The court CERTIFIES that Tatum's appeal is not taken in good faith for purposes of Fed. R. App. P. 24(a)(3) and DENIES his motion leave to proceed *in forma pauperis* (dkt. #40) in this case.

4) Although this court has certified that plaintiff's appeal is not taken in good faith under Fed. R. App. P. 24(a)(3), Tatum is advised that he may challenge this finding pursuant to Fed. R. App. P. 24(a)(5) by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Seventh Circuit, **within thirty (30) days of the date of this order**.  With that motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), along with (1) a statement of issues he intends to argue on appeal and (2) a copy of this order.  Plaintiff should be aware that he must file these documents *in addition* to the notice of appeal he has filed previously.

Entered this 5th day of March, 2015.

                           BY THE COURT:

                           /s/

                           _____
                           WILLIAM M. CONLEY
                           District Judge