IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT TATUM, and all similarly situated
DOC/CCI Inmates,

                Plaintiff,

v.

MICHAEL MEISNER and CATHY JESS,

                Defendants.

ORDER

13-cv-44-wmc

After a trial to the bench, the court previously entered judgment in plaintiff Robert Tatum's favor on his claim that defendants Michael Meisner and Cathy Jess violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-2(b), by failing to accommodate his request for a diet in compliance with the Nation of Islam, resulting in the entry of a permanent injunction requiring such an accommodation. (9/26/17 Op. & Order (dkt. #155); 9/27/17 Judgment (dkt. #156).) Perhaps unsurprisingly given the history of this case, rather than bringing finality, that judgment lead to a flood of follow-up motions by plaintiff -- a motion to reconsider, a motion to require defendants to submit a nutritional analysis, and various motions to supplement, to strike and to file reply briefs, as well as a motion requesting relief from alleged tray tampering. (Dkt. ##157, 160, 162, 163, 165, 166.) For the reasons explained below, all of those motions will be denied.

As an initial matter, in light of Tatum's recent transfer out of the Wisconsin Department of Corrections to the Racine County Jail, the court will summarily deny all post-judgment motions seeking modifications of prospective relief as moot. (11/29/17 Mail

Returned Entry (dkt. #167); 12/12/17 Call from Tatum updating address.) *See, e.g.*, *Herbst v. Sevier*, No. 10-2171, 2011 WL 1979732, 430 F. App'x 530, 531 (7th Cir. May 23, 2011) (prisoner's claim challenging a disciplinary conviction was moot by his release from custody). In one of the motions for reconsideration, however, plaintiff continues to challenge this court's denial of leave to pursue damages as part of an Eighth Amendment claim. (Pl.'s Mot. (dkt. #157) 1-2.) While Tatum's transfer out of state custody arguably does not moot this motion, the court also sees no basis to revisit its decision for the reasons previously, and repeatedly, explained to Tatum. (9/26/17 Op. & Order (dkt. #155) (explaining history of this case and reasons for not allowing Tatum to pursue an Eighth Amendment claim at this late date) (citing 9/30/13 Op. & Order (dkt. #11); 9/16/14 Op. & Order).) Finally, while Tatum may attempt to bring a *new* lawsuit against the defendants, alleging tray tampering in retaliation for the exercise of his First Amendment Rights, or an RLUIPA claim against the Racine County Jail for denial of an NOI diet, the court will not take up those separate claims in this lawsuit. Of course, Tatum is also free to appeal this court's various rulings and entry of a permanent injunction, or at least aspects of that appeal not mooted by his transfer out of defendants' custody.

There is one motion, however, which does warrant consideration. As the prevailing party, plaintiff moves for an award of costs pursuant to 28 U.S.C. § 1935, specifically seeking the following amounts:

- Paper costs                                  $  25.00
- Typewriter ribbons / writing materials       $  40.00
- Postage                                      $  30.00
- Legal assistance from L. Muhammad            $200.00
- Filing fees                                  <u>$400.00</u>

2

TOTAL: $695.00

(Pl.'s Mot. (dkt. #158).)

In response to that motion, defendants object to two of the categories of requested costs. *First*, with respect to the filing fee, defendants point out that plaintiff still owes the court $262.01. As such, while the court will award $400.00 for filing fees, defendants will be directed to pay $262.01 to the court, cancelling plaintiff's debt in that amount, with the remainder of $137.99 paid to plaintiff directly. *Second*, defendants challenge plaintiff's request for $200.00 to cover costs related to "legal assistance" that he purports to have received from L. Muhammad, who appears to be his mother and not an attorney, for undisclosed "travel, phone calls, and photocopies." (Pl.'s Mot. (dkt. #158).) The court will deny this request because it does not fall within the taxable costs allowed under 28 U.S.C. § 1920. Even if permitted, the request is also too vague to support an award. *See Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 217 (7th Cir. 1975). Accordingly, the court will grant in part plaintiff's motion awarding him $495.00 in costs, with $262.01 of that amount to be paid by defendants to the court to clear the balance of the filing fee owed by plaintiff and the remainder to be paid to plaintiff.

ORDER

IT IS ORDERED that:

1) Plaintiff Robert L. Tatum's motion for reconsideration (dkt. #157), motion to strike response and to order 28-day menu and motion for sanctions (dkt. #160), motion to request defendants to submit nutrition analysis report (dkt. #162), motion to supplement and motion to expedite decision (dkt. #163), motion for leave to file rely (dkt. #165), motion and declaration requesting relief regarding tray tampering (dkt. #166) are DENIED.

2) Plaintiff's motion for an award of costs (dkt. #158) is GRANTED IN PART AND DENIED IN PART. Plaintiff is award $495.00 in costs, with $232.99 to be paid to plaintiff and $262.01 to be paid to the court to cover the remaining filing fee balance.

3) The clerk of court is directed to amend the judgment to reflect this award of costs.

Entered this 5th day of January, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge