IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT TATUM, and all similarly situated
DOC/CCI Inmates,

                        Plaintiff,                        OPINION AND ORDER

    v.

                                                      13-cv-44-wmc

MICHAEL MEISNER and CATHY JESS,

                        Defendants.

Having entered judgment in this case in plaintiff Robert Tatum's favor and an amended judgment reflecting an award of costs, plaintiff has filed yet another motion for reconsideration and related motions seeking modification of the court's injunction requiring defendants to provide a Nation of Islam compliant diet. For the reasons that follow, the court denies Tatum's most-recent motions. **No further relief will be provided in this lawsuit.**

As described in the court's last order, Tatum was released from the Wisconsin Department of Corrections to the Racine County Jail. As such, the court summarily denied as moot all of his post-judgment motions seeking modifications of prospective relief. (1/5/18 Order (dkt. #168).) After Tatum was "re-convicted," he filed a motion for reconsideration on the basis that his motions for prospective relief are no longer moot since he will be returned to state custody. (Dkt. #172.) In an even more recent filing, Tatum specifically represents that he *was* returned to DOC custody and moved to Dodge Correctional Institution as of May 17, 2018. (Dkt. #173.)

As an initial matter, Tatum's claims for relief still may be moot, since his release from DOC custody arguably restarted the administrative process for Tatum to seek an accommodation for his religious practices, although to the extent they are unchanged, the court's prior rulings are obviously a set of guidelines DOC may be well advised to follow. Regardless, it appears from Tatum's own filings that he was "immediately put back on their diet scheme for NOI compliance without even requesting it." (5/21/18 Mot. (dkt. #173).) As evidenced from his most recent motions and from past motions for reconsideration, Tatum is now dissatisfied with the court-ordered diet, urging the court to conduct a hearing to ensure that it satisfies his rights under the Eighth Amendment and RLUIPA. Assuming these arguments are not moot, all of Tatum's current challenges are either: (1) forfeited because he failed to raise those issues timely in his earlier challenges to the DOC proposed diets; or (2) unrelated to the requirement that he be provided a nutritionally-adequate, NOI-compliant, instead raising issues with respect to the blandness and repetitiveness of the food offered, that should be the subject of a new lawsuit.

Regardless, Tatum now complains about the repetition of the diet plan and the amount of certain items (e.g., beans, rice and bread). (Dkt. #160.) As the court previously pointed out, Tatum presented a moving target as to his particular dietary requests, shifting positions throughout the administrative process, into this litigation and even during trial. (9/26/17 Op. & Order (dkt. #155) 7.) In its opinion and order granting injunctive relief, the court explained why the diets described in Exhibits 503a and 503b, modified by excluding peanut butter, pinto beans and skim milk, met his religious needs and were nutritionally adequate. (*Id.* at 12-14.) The fact that these meals are provided on a 7-day,

rather than a 28-day loop, does not undermine the adequacy of these meal plans to meet Tatum's religious needs. Moreover, as the court explained in rejecting defendants' argument that Tatum should "self-select" from the vegan or Halal menus, the NOI diet itself is extremely limited in terms of acceptable foods. (1/26/16 Op. & Order (dkt. #75) 18-19.) As such, Tatum's complaints about repetitiveness of food has as much to do with the limitations in the NOI-diet, or at least Tatum's restrictive interpretation of that diet, than to lack of creativity or variety in the DOC's menu plan.

Tatum also complains about receiving MF/LS bread, canned fruits and vegetables, milk-free margarine and an assorted flavor fruit drink. (Dkt. #162.) However, all of these items were on Exhibits 503a and 503b, and Tatum did *not* object to them at trial or in his post-trial, pre-judgment briefing. Indeed, he argued that the DOC should be *required* to adopt a diet "similar to 503a." (9/26/17 Op. & Order (dkt. #155) 13 (quoting Pl.'s Post-Trial Br. (dkt. #126) 5).) Accordingly, the time for voicing concerns about particular items not being NOI-compliant has long since passed.

Moreover, in his post-trial briefing, Tatum primarily argued that the DOC should be required to replace the Halal diet with an NOI-compliant diet, an argument which the court rejected. For whatever reason, Tatum chose to focus his attention on this argument rather than raising any additional concerns with respect to the diet contained in Exhibits 503a and 503b. Having relied on the objections Tatum made during the course of trial in crafting the permanent injunction, the court sees no reason to amend the injunction further, especially on the basis of objections Tatum already waived. Finally, in light of the fact that the meal plans provide approximately 3500 calories per day (*see* dkt. #159-2),

there is some wiggle room for Tatum to "self-select" and not eat items he now deems overly repetitive or simply unacceptable.

In addition, Tatum now lodges complaints entirely unrelated to the religious accommodation at issue in this case. For example, Tatum complains that the DOC only provides one can of Boost, which is not enough to cover his cereal and requires him to eat dry cereal. Tatum also complains that the beans are bland. Neither of these complaints rise to the level of "torture" as Tatum dramatizes, nor do they violate the letter or the spirit of the injunction, nor otherwise provide a cause of action under RLUIPA, much less reopen final judgment in this case.

Tatum also seeks reconsideration of the court's award of costs and sanctions against defendants for misrepresenting cost payments. As for the reconsideration, Tatum seeks reimbursement for various legal loans, but as far as the court can surmise these costs are duplicative of the reimbursement already ordered for his paper costs, typewriter ribbons, writing materials and postage -- or at least Tatum has not explained how the legal loans covered other items, or if so, what the legal loans covered. Tatum next reasserts his argument for $200.00 for legal assistance for Linda Muhammad for compensation for the time that he personally spent on this lawsuit. As the court previously explained, neither are taxable costs allowed under 28 U.S.C. § 1920. Even if they were permitted, the request is too vague to support an award. *See Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 217 (7th Cir. 1975).

Finally and perhaps more meritorious, it appears that Tatum's trust account statement shows a balance due for the filing fee in this case. (Dkt. #176-1.) To the extent

4

that the court is reading this document correctly, it received the balance of the filing fee from defendants. Therefore, defendants should adjust Tatum's trust account statement to show a $0 balance for this filing fee. While the court will require defendants to file proof of the adjustment, the court will neither sanction defendants for this apparent oversight nor grant plaintiff any further relief on this record.

ORDER

IT IS ORDERED that:

1) Plaintiff Robert L. Tatum's motion for reconsideration (dkt. #172), declaration and request for evidentiary hearing (dkt. #173) and motion for the court to expedite / timely hear and decide PI motions (dkt. #175) are DENIED.

2) Plaintiff's motion for sanctions against defendants for misrepresenting cost payments and for recalculation of costs based on new information and evidence (dkt. #176) is GRANTED IN PART AND DENIED IN PART. The motion is granted as to requiring defendants to file proof of an adjustment in Tatum's trust account to reflect a $0 balance for the filing fee for this case on or before June 28, 2018. In all other respects, the motion is denied.

Entered this 14th day of June, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge