IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,

                Plaintiff,                ORDER

v.

                                        13-cv-044-wmc

MICHAEL MEISNER, CATHY JESS and
MICHAEL DITTMANN,

                Defendants.

The court is in receipt of plaintiff Robert L. Tatum's motion for contempt of court, in which he represents that since his transfer to Green Bay Correctional Institution ("GCBI"), he is not receiving the NOI-compliant diet ordered by the court. (Dkt. #180; *see also* dkt. #188 for more legible copy.) Tatum's filing is difficult to read, but he *appears* to complain that since being transferred to GBCI, his bag meals are missing (or contain the wrong) items, including carrots and fresh veggies, wheat bread (receiving white bread instead), navy beans (receiving "wrong" beans instead), fresh fruit (receiving non-compliant canned fruit instead) and the Boost™ drinks (or at least the correct type of Boost™ drink). (*Id.* at ¶ 3.) Tatum further avers that he has attempted to raise concerns about the missing (or wrong) items with Food Services and by filing grievances with the Innate Complaint Review System, but has received no response. (*Id.* at ¶ 4.) Finally, Tatum states that he has provided the court order to staff who are indifferent or worse, with one Sergeant allegedly responding, "Nobody gives a fuck about your court orders." (*Id.* at ¶¶ 2, 6.)

The court will require defendants to respond to plaintiff's filing on or before August

7, 2018, including filing a declaration by the person at GCBI in charge of ensuring compliance with the court order requiring NOI-compliant bag meals. That declaration should include details as to GBCI's efforts to comply with this court's order, including an itemized, daily list of the actual contents of Tatum's meals for the period of 30 days immediately *before* this order (*i.e.*, June 16 to July 16, 2018). Tatum may then have until August 21, 2018, to reply, including with an affidavit or declaration as to any areas of factual disputes. After that, the court will determine whether an evidentiary hearing is required.

Tatum's filing also touches on other concerns about the decision to transfer him to GBCI and not receiving notices of e-filings. These concerns, however, fall outside of the scope of this lawsuit, and therefore, the court will not require defendants to respond to those portions of his filing. Tatum, of course, is free to file a separate lawsuit or lawsuits addressing these separate concerns.

ORDER

IT IS ORDERED that:

1) Defendants shall respond to plaintiff's motion for contempt (dkt. #180) on or before August 7, 2018, consistent with the requirements set forth above.

2) Plaintiff may then have until August 21, 2018, to file a reply, if any, again consistent with the requirements set forth above.

Entered this 17th day of July, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge