IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT TATUM, and all similarly situated
DOC/CCI Inmates,

                    Plaintiff,

  v.

MICHAEL MEISNER and CATHY JESS,

                    Defendants.

ORDER

13-cv-044-wmc

On September 27, 2017, the court entered judgment in this case. (Dkt. #156; *see also* dkt. #169 (entering amended judgment awarding costs).) Since then, the court has issued at least five orders, addressing at least 20 motions by plaintiff. The court has continually advised Tatum that no further relief would be provided in this lawsuit.

Nonetheless, Tatum has two motions before the court. In the first, Tatum seeks a finding of contempt for Green Bay Corrections Institution's violation of the court's injunction by providing canned, rather than dry, navy beans. (Dkt. #232.) As directed by the court, defendants responded to this allegation, acknowledging that for a three-day period of time, GBCI ran out of dry beans and used canned beans during this period. (Def.'s Resp. (dkt. #236) 1.) Moreover, GBCI's food services administrator David Brooks averred that certain processes had been changed to ensure that this would not happen again. (*Id.* at 2; Brooks Decl. (dkt. #237).) In his reply, Tatum maintains that he received canned beans for a longer period than defendants acknowledged, but also represents that the last date he received canned beans was May 29, 2019, approximately one month before the date of his reply. (Dkt. #238.) From this, the court infers that the provision of canned

beans was a temporary misstep, even if it was for a longer period of time than defendants acknowledge. Regardless, it appears undisputed that defendants addressed the issue. As such, the court declines to find defendants in contempt for an understandable, albeit improper, substitution of canned for dry navy beans. Based on Brooks' declaration, this mistake will not happen again.

Also before the court is Tatum's motion for reconsideration of the court's June 7, 2019, order. (Dkt. #235.) Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876.

In this motion, Tatum argues that the court erred in denying his motions, but Tatum simply presents that same arguments he raised in his prior motions, which the court rejected for the reasons explained in the June 7, 2019, order. The court sees no reason to offer further explanations and Tatum presents no basis for reconsideration. Accordingly, the court will also deny this motion.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion for a finding of contempt (dkt. #232) is DENIED.

2) Plaintiff's motion for reconsideration (dkt. #235) is DENIED.

Entered this 18th of February, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge