IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT TATUM, and all similarly situated
DOC/CCI Inmates,

                      Plaintiff,                      ORDER

   v.

                                                            13-cv-044-wmc

MICHAEL MEISNER and CATHY JESS,

                      Defendants.

On September 27, 2017, the court entered judgment in this case. (Dkt. #156; *see also* dkt. #169 (entering amended judgment awarding costs).) Since then, the court has issued at least six orders, addressing over 20 motions by plaintiff. The court has continually advised Tatum that no further relief would be provided in this lawsuit. Still, plaintiff continues to file motions seeking contempt. The court addresses his most recent motions in this order, rejecting his request for relief in both.

In the first motion and supplements, Tatum seeks a finding of contempt based on Green Bay Correctional Institution's failure to prevent missing items from his Nation of Islam ("NOI") diet trays, specifically raising concerns about the lack of tape on some of the meal bags used to prevent tampering by correctional officers and failure to consistently provide navy beans, instead for some period of time providing great northern beans, which are not NOI-compliant. (Dkt. ##240, 251, 252.) In response, defendants acknowledge that there was a temporary issue with wrong beans, indicating that because of staffing shortages in the kitchen, Tatum was provided a great navy bean, but that error has since been corrected, and was corrected once Tatum raised the issue with the kitchen staff.

(Defs.' Opp'n (dkt. #245) 3-4 (citing Blackburn Decl. (dkt. #246) ¶¶ 8-9).) While Tatum contends that he was provided the wrong bean for a longer period of time than defendants acknowledge, the court again finds this to be an innocent mistake and sees no basis to sanction defendants.

As for other missing items or tampering claims, defendants maintain that they are not aware of missing items or any concerns about tampering. It appears that Tatum is upset that Green Bay changed the process by which his meals were delivered in light of COVID protocols. Before COVID, a chef personally delivered his meal bags to him. Now, however, an officer delivers his meals, which, in Tatum's opinion, increases the opportunities for tampering. (Defs.' Opp'n (dkt. #245) 3 (citing Blackburn Decl. (dkt. #246) ¶ 7).) Still, defendants explain that the chef delivers Tatum's meals to an officer, who in turn waits until Tatum verifies the contents and reports any concerns to the officer who relays them to the chef. (*Id.*) This process sufficiently addresses Tatum's prior concerns about meal tampering, and the court sees no reason to sanction defendants or otherwise modify the injunction. As for evidence of missing items, at most, plaintiff has evidence that he complained about missing food items on one day November 4, 2020, but this isolated incident -- even if the kitchen staff failed to acknowledge his complaint -- does not rise to the level of a violation of this court's injunction warranting sanctions. As the court has previously explained, given the specificity of the NOI diet and Tatum's frequent complaining, some missteps in compliance with the injunction and response to Tatum's grumbles are understandable.

Second, Tatum also seeks sanctions for defendants' refusal to modify his diet to allow certain items, most notably butter. (Dkt. #250.) In a prior opinion and order, the court rejected Tatum's request to modify the court-order NOI diet by adding (1) filtered and distilled water; (2) cereal; and (3) butter. (6/7/19 Op. & Order (dkt. #234) 5-7.) The court explained that defendants are required to provide Tatum with the NOI-compliant diet set forth in the court's permanent injunction, and "are not required to provide additional items which Tatum *now* contends are part of his religious diet." (*Id.* at 5.) Still, the court rejected defendants' response to his administrative requests that they were barred from modifying his diet by the court's injunction, explaining that "if Tatum requests a modification that *adds* items to the court-ordered diet, defendants are free to consider his request, and to grant or deny it accordingly." (*Id.* at 6.)

With this guidance, Tatum requested a modification to add the three items listed above, but it was denied. Specifically, Kelli Willard-West, the DOC's religious practices coordinator, explained to Tatum in a two-page letter why the Religious Practices Advisory Committee was denying his request, providing several salient reasons including that (1) he does not support his request based on any religious beliefs, (2) his requests have presented a "moving target," as this court found, limiting any benefit to continued negotiations with Tatum, (3) any voluntary changes would expose the DOC up to risk of noncompliance with the injunction and (4) the DOC, DOJ and this court has already invested considerable analysis to confirm that the court-ordered NOI diet meets Tatum's dietary needs. (Pl.'s Mot., Ex. 1 (dkt. #250-1).) The court finds Willard-West's reasons for denying these requests reasonable and finds no basis to compel the modifications or otherwise sanction

defendants. In sum, plaintiff received exactly the relief the court expected in its prior opinion and order.

One final note. Tatum has grossly abused this court's obligation to enforce its injunctions by bringing petty motions for contempt. As the court has previously warned Tatum, if he believes individual officers are retaliating against him because of the NOI diet, he should file separate lawsuits. If he continues to bring these frivolous motions for contempt, the court will contemplate vacating the injunction as a sanction. Finally, defendants are relieved of any obligation to respond to any filings unless specifically requested by the court.

ORDER

IT IS ORDERED that plaintiff's motions for a finding of contempt and sanctions (dkt. ##240, 250, 251, 252) are DENIED.

Entered this 21st day of June, 2022.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge